IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| State of Illinois *ex rel.* Schad, Diamond, & Shedden, P.C., | ) ) ) ) | |
| Plaintiff, | ) ) | 12 CV 586 |
| v. | ) ) ) | |
| hhgregg, Inc., a Delaware Corporation, | ) ) ) | Judge Leinenweber |
| Defendant. | ) | |

**Relator's Motion to Remand to State Court**

The State of Illinois by Relator Schad, Diamond, & Shedden, P.C. moves to remand this case to state court under 28 U.S.C. § 1447(c). No federal question exists. Defendant removed this case <u>solely</u> on diversity jurisdiction grounds, but no diversity jurisdiction exists. Therefore, the Court should remand the case because "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Court should remand the case for two reasons: (1) the State of Illinois is not a citizen subject to diversity jurisdiction under *Adden v. Middlebrooks*, 688 F.2d 1147, 1150 (7th Cir. 1982) and 28 U.S.C. § 1332; and (2) the doctrine of comity requires federal courts to decline jurisdiction in cases involving state taxation.

## Introduction

The State of Illinois by Relator Schad, Diamond, & Shedden, P.C. ("Relator") sued Defendant hhgregg, Inc. under the Illinois False Claims Act ("IFCA"), 740 ILCS 175/1 *et seq.* The complaint alleges hhgregg did not collect and remit sales tax on shipping and handling charges on Internet sales to Illinois residents as required by the Illinois Use Tax Act, 35 ILCS 105/1 *et seq.*, and the Illinois Retailers' Occupation Tax Act, 35 ILCS 120/1 *et seq.* hhgregg submitted false ST-1s to the State of Illinois. The Circuit Court of Cook County entered an order allowing Relator to proceed against hhgregg on behalf of the State of Illinois. Exhibit A (12/7/11 Order).

To create a false basis for removal, hhgregg omitted naming the State of Illinois as a party in its Notice of Removal. No diversity jurisdiction

exists because the State of Illinois is not a citizen subject to diversity jurisdiction under 28 U.S.C. § 1332. The Court should remand the case on this ground alone. The doctrine of comity further supports remand because federal courts should not interfere with state tax matters.

## Argument

### I. The State of Illinois Is Not Subject to Diversity Jurisdiction Because It Is Not a Citizen Under 28 U.S.C. § 1332.

hhgregg improperly removed this case because "[s]tates are not 'citizens' within the meaning of section 1332 and, therefore are not within the reach of the diversity statute." *Adden v. Middlebrooks*, 688 F.2d at 1150. "The law is settled that in an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction." *Texas Dep't of Hous. and Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995).

The State of Illinois is the real party in interest in this case. The State of Illinois is entitled to recovery if the lawsuit is successful and the State of Illinois has a substantial interest in the subject matter of the action. *Scachitti v. UBS Financial Services, et al.*, 215 Ill. 2d 484, 506 (2005).

Relator brought this case on behalf of the State of Illinois under the IFCA. The ICFA is an anti-fraud statute, to recover any damages the State sustains as a result of fraud. *State of Illinois ex rel. Beeler, Schad, & Diamond, P.C. v. Burlington Coat* Factory, 369 Ill. App. 3d 507, 510 (1st Dist. 2006).

Relator seeks to enforce the State of Illinois' sales tax statutes. The State of Illinois' sales tax policy concerns public, not private, rights. The State of Illinois designed penalties under the ICFA to enforce and secure public, not private rights. The State of Illinois is the real party plaintiff. The cause of action belongs to it. *Scachitti v. UBS Financial Services et al.*, 215 Ill. 2d at 510 (Under the Illinois False Claims Act, "Attorney General retains authority to control the litigation at every stage of the proceedings.") The State of Illinois is the real party in interest and is not subject to diversity jurisdiction. *Adden v. Middlebrook*, 688 F.2d at 1150. The Court should remand the case to state court on this basis alone.

## II. The Doctrine of Comity Supports Remand Because This Case Involves State Sales Tax Collection.

The doctrine of comity further supports remand. The Seventh Circuit has held under the doctrine of comity that "federal courts have expressed a strong preference that issues of state taxation be litigated in

4

state court." *Alcan Aluminum Ltd. v. Oregon Dep't of Revenue,* 724 F.2d 1294, 1298 (7th Cir. 1984) ("Federal courts have long been reluctant to interfere with a state's system of raising revenues . . .")

The Supreme Court has held that federal courts should not interfere with the fiscal operation of state governments. *Levin v. Commerce Energy, Inc.,* 130 S. Ct. 2323, 2329 (2010). Comity requires the Court to decline jurisdiction in cases involving state tax issues.

> [I]t is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the **modes adopted to enforce the taxes levied should be interfered with as little as possible**.

*Levin v. Commerce Energy, Inc.,* 130 S. Ct. at 2329 (emphasis added).

The Illinois Retailer's Occupation Tax Act and the Illinois Use Tax Act "are complimentary, interlocking statutes that comprise the taxation scheme commonly referred to as the Illinois 'sales tax'." *Kean v. Wal-Mart, Inc.,* 235 Ill. 2d 351, 362 (2009).

The State of Illinois by Relator seeks to enforce state taxation laws to recover damages for the State of Illinois. Relator seeks to recover damages and penalties for the State of Illinois resulting from hhgreggs' false claims

to the State under the Illinois FCA. These issues should be litigated in Illinois state court.

The plain language of the Illinois False Claims Act allows a plaintiff to bring suit under IFCA based on the Use Tax Act. *State of Illinois ex rel. Beeler, Schad, and Diamond, P.C. v. Ritz Camera Center, Inc. et al.*, 377 Ill. App. 3d 990, 1009 (1st Dist. 2007). The IFCA is a proper vehicle to enforce the collection of use tax when evidence of defendant knowingly generating a false record or statement to avoid payment exists. *Id.* at 1006.

In this case, Defendant prepared false invoices and submitted false ST-1s to the State of Illinois to conceal an obligation to collect and remit tax on internet shipping and handling charges. The doctrine of comity requires the court to remand this case because here, Relator on behalf of the State of Illinois seeks compliance with State of Illinois tax laws under the IFCA.

## Conclusion

The Court should remand the case to state court. No federal question exists. No diversity jurisdiction exists because states are not citizens under 28 U.S.C. § 1332 and thus not subject to diversity jurisdiction.

The doctrine of comity further supports remand because the State of Illinois by Relator seeks to enforce State of Illinois sales taxes under the Illinois False Claims Act. The Court should not interfere with state tax collection.

/s Tony Kim
One of the Attorneys for Relator

Dated: February 17, 2012

David A. Genelly
Matthew M. Showel
Vanasco, Genelly & Miller
33 North LaSalle Street, Suite 2200
Chicago, IL 60602
(312) 786-5100

Stephen B. Diamond
Tony Kim
Matthew S. Burns
Schad, Diamond and Shedden, P.C.
332 S. Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280